### McMEANS, In re.

Common Pleas Court, Scioto County.

No. 17617. Decided May 16, 1957.

Edgar H. Hale, Portsmouth, for petitioner.

Everett Burton, Jr., Pros. Atty., Robert E. Dever, Asst. Pros. Atty., for the Sheriff, Burl E. Justice.

### OPINION

By SMITH, J.

This is an action in habeas corpus.

The applicant, William McMeans, seeks to obtain his release from Sheriff Burl E. Justice of this county.

Florida made requisition on the Governor of Ohio for the prisoner as a fugitive from justice.

The Governor of Ohio thereupon issued his warrant to the Sheriff of this county.

The prisoner was arrested and brought before me, as the Judge of the Common Pleas Court of this county to be dealt with according to law.

This cause came on for hearing on the evidence on May 15, 1957, and the arguments of counsel and is now before this Court for final determination.

The sole question for this Court to determine is whether the Governor of Ohio was authorized to issue a warrant for the arrest and extradition of William McMeans upon the request of the Governor of Florida.

This is a proceeding to inquire into the legality of the warrant to determine the question of whether or not William McMeans is illegally restrained of his liberty. Various defects are now claimed in the extradition official documents which have been presented in evidence by the

petitioner. However, the Court, on careful consideration of this case has determined that only one defect need be considered as it determines the sole question before this Court.

The demand by the Governor of Florida to the Governor of Ohio, which was introduced in evidence by the petitioner as Petitioner's Exhibit E, is as follows:

"IN THE NAME AND BY THE AUTHORITY OF
THE STATE OF FLORIDA
LEROY COLLINS, GOVERNOR OF FLORIDA

To the Executive Authority of the State of Ohio

"WHEREAS, it appears by the annexed documents, which are hereby certified to be authentic, that William McMeans stands charged with the crime of Breaking and entering committed in the State of Florida, and information having been received that the said William McMeans has fled from justice, and taken refuge in Ohio

"THEREFORE I, LeRoy Collins, Governor of the State of Florida, have thought proper and in pursuance of provisions of the Constitution and laws of the United States, to demand the surrender of the said William McMeans as fugitive from justice, and that he be delivered to Sheriff of Okaloosa County who is hereby appointed agent on the part of the State to receive him.

"GIVEN UNDER MY HAND, and the Great Seal of the State affixed at the City of Tallahassee, the Capital, this 27th day of February, 1957 and of the Independence of the United States of America the One Hundred and Eighty-first year.

/S/ LeRoy Collins,

Governor of Florida.

By the Governor:

/S/ R. A. Gray,

Secretary of State."

Does this demand from the Governor of Florida to the Governor of Ohio meet the mandatory requirements of the statute which governs this case?

The provision of the statute which governs this case is as follows:

"Sec. 2963.03 R. C. Demand for extradition.

"No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless the demand is in writing alleging, except in cases arising under §2963.06 R. C., that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and unless the demand is accompanied by:

"(A) A copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon.

"(B) A copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped

from confinement or has broken the terms of his bail, probation, or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state. The copy of indictment, information, affidavit, judgment of conviction, or sentence must be authenticated by the executive authority making the demand."

Under the provisions of §2963.03 R. C., it is mandatory upon the Governor of Ohio not to recognize a demand by any other state for the extradition of a person charged with crime in such other state, unless the demand is in writing alleging that the accused was present in the demanding state at the time of the commission of the alleged crime and that thereafter he fled from the state, except as provided in §2963.06 R. C., which section has no application to the present case.

From an examination of petitioner's Exhibit E set forth in full herein, it is plainly seen that the demand of the Governor of Florida to the Governor of Ohio in the present case does not comply with §2963.03 R. C.. in that said demand does not contain any allegation that the accused was present in the demanding state of Florida at the time of the commission of the alleged crime and that the Governor of Ohio therefore was without authority to issue his warrant for the extradition of William McMeans in the present case.

This Court feels that the requirements of §2963.03 R. C., are mandatory and unless there is a compliance with the provisions of §2963.03 R. C. that the Governor of Ohio has no authority in law to recognize a demand from another state for the extradition of a person charged with crime in such other state unless the demand from such other state meets the mandatory requirements of §2963.03 R. C.

It has been stipulated and agreed by counsel that all the exhibits introduced in this case were all the documents that the Governor of the State of Ohio had before him when passing upon the question of whether or not to issue his warrant to the Sheriff of this county for the petitioner, William McMeans.

The Court, therefore, considering the face of the record that was presented to Governor O'Neill, and considering the sufficiency of the demand on which Governor O'Neill's warrant was issued, finds that the proceedings are defective in that no valid demand from the State of Florida was made on the Governor of Ohio for the extradition of the petitioner, William McMeans, which the Governor of this state could recognize for the reason that said demand did not meet the mandatory requirements of §2963.03 R. C.; and, that therefore the Governor of Ohio was without authority in law to recognize the demand from the Governor of Florida, for the extradition of the petitioner, William McMeans, and to issue his warrant to the Sheriff of this county for the extradition of the said petitioner, William McMeans.

The judgment, therefore, is that the said petitioner, William McMeans be, and he hereby is discharged.

Exceptions to all parties concerned are noted.

Counsel for petitioner may draw an entry in accordance with this opinion and present the same to the Prosecuting Attorney of Scioto County, Ohio, for his signature.